CHARLES S. MARTIN AND JOHN GODFREY, JR., ASSIGNEES OF CHARLES S. MARTIN, Appellants, *against* JAMES G. JOHNSON *et al.*, Respondents.

(Decided February 2d, 1880.)

In a suit in a District Court in the city of New York the summons may, on the trial, be amended so as to change the nature of the right in which the plaintiff sues, *e. g.*, it may be amended so as to make it a suit by him in his own right instead of "as" assignee.

Where the justice of a District Court refuses to allow on the trial a proper amendment of the summons, this court may on appeal review his refusal to do so, and reverse the judgment for that reason.

Where A & B were partners carrying on business in the name of A alone, and in that name made a contract with the defendants, and brought a suit on it in a District Court in the city of New York in the name of "A & B as assignees of A," and on the trial proved the partnership, the contract and breach of it, but failed to prove any assignment to them from A, and then moved to amend the summons by striking out the words "as assignee of A," and the justice denied the motion and dismissed the complaint,—*Held*, an error for which this court on appeal reversed the judgment.

A firm may do business under the name of one of the partners alone, and can sue in all their names on a contract made in the name of such one alone.

APPEAL from a judgment of a District Court in the city of New York.

The summons was in the names of " Charles S. Martin and John Godfrey, Jr., as assignees of Charles S. Martin," as plaintiffs. The complaint was oral and was simply for " work, labor and services, and materials furnished." On the trial the plaintiffs proved that they were partners, doing business under the name of " Charles S. Martin," and under that name had made a contract with the defendants to supply them with a list of the tax-payers in Westchester County, N. Y., and Union County, N. J., and had furnished the lists for which they had not been paid. No assignment to them by Charles S. Martin was proved, and a motion to dismiss the complaint on this ground was made, upon which the plaintiffs moved to amend the summons by striking out the words " as assignees of Charles S. Martin " so as to make it conform to the proof. The justice denied the motion and dismissed the complaint.

*Felix F. Murphy*, for appellants.

*Isaac Van Winkle*, for respondents.

VAN HOESEN, J.—The judgment dismissing the complaint should be reversed. I do not view the evidence as showing any assignment, and if it had been necessary to prove an assignment I should be in favor of affirming the judgment. The plaintiffs ought not to have brought their action as assignees. By using *the* word *as* between their names and the word assignees, they assumed, and sued in, a representative character, to which they had no claim. (*Cordier* v. *Thompson*, 18 Alb. [L. J.] 498; *Yates* v. *Hoffman*, 5 Hun. 113; *Veershull* v. *Roberts*, 5 East. 154.) It was perfectly proper, however, to amend the summons by striking out the words " as assignees of Charles S. Martin." There would then have been no doubt that the plaintiffs were suing as partners or as joint contractors. An amendment changing the right in which the plaintiffs sue may be made before trial

(*Tighe* v. *Pope*, 16 Hun. 180), and I think that even upon the trial it may be allowed. . (*Davis* v. *Schermerhorn*, 5 How. 440 ; *Risley* v. *Wightman*, 13 Hun. 163.) It made no difference to the defendants whether the claim sued upon accrued to the plaintiff in the first instance, or whether it was acquired by assignment. If an amendment were allowable I think we may, upon appeal, review the refusal of the District Court to permit the proposed amendment to be made. (*Walsh* v. *Cornett*, 17 Hun. 27.) The object of the amendment certainly was not to obtain delay or to gain any unfair advantage ; and the defendants could not, to the best of my judgment, have been prejudiced, unless the correction of a mistake which had not misled them may be deemed to be an improper exercise by the court of its power of amendment. Had the amendment been allowed, the right of the plaintiffs to a judgment would have been unquestionable. The evidence disclosed a contract made by the defendants with the plaintiffs as partners who dealt, on this occasion at least under the name and style of Charles S. Martin. This the plaintiffs had a right to do. (*Rogers* v. *Coit*, 6 Hill, 322 ; *Bank* v. *Monteath*, 1 Denio. 405 ; *Palmer* v. *Stephens*, Id. 471, 481.) A firm using the name of one of the partners in their partnership business may sue or be sued upon a contract made in the name so used. (5 Waits' Law of Actions and Defences, pp. 146 and 145.) It was error to refuse the amendment ; and if the amendment had been allowed, the plaintiffs would have been entitled to judgment. For these reasons I think the judgment should be reversed. The plaintiffs should not, under the circumstances, be cast in costs.

Judgment reversed.